W. R. BOND, Revived in the name of MAXEY A. BOND, v. C. BISHOP.

Where the answers to interrogatories on facts and articles, all taken together, present a complete answer to all the interrogatories, taken together, the Court will not order one of the interrogatories to be taken as confessed, for the reason that the answer to that particular interrogatory appears evasive, it appearing that it has been fully answered in the answer to another interrogatory.

APPEAL from the District Court, Parish of Ouachita, *Crawford*, J. *J. & R. Ray*, for appellants. *R. Richardson*, for appellees.

The facts are stated in the opinion of the Court.

LABAUVE, J. Plaintiff alleges, in substance, that on the 25th of March, 1858, Wm. H. Rogers, W. F. Bond and C. Bishop, executed two notes in solido in favor of W. A. Richardson, each for the sum of $559 95; one due on 1st February, 1859, and the other due the 1st July, 1859; that W. W. Bond paid both those notes, paying $250 23d March, 1859, $300 5th October, 1859, and $816 7th January, 1860—in all, $1,366; that the defendant owes petitioner one-half of said sum, with eight per cent. interest per annum, from the date of each payment.

The answer contains a general denial; a special denial that Wm. H. Rogers is insolvent, and states that Wm. H. Rogers placed in the hands of W. F. Bond, either *moneys, accounts, notes, bonds* or *credits*, or all of them, with which to pay the obligations sued on, and that it was with such, said Bond paid said notes.

The Court below, after hearing the evidence, gave judgment in favor of defendant, and the plaintiff appealed.

The following interrogatories were propounded to and answered by plaintiff:

Int. 1. Did not W. H. Rogers place in your hands, either money, notes, bonds, accounts or credits, with which to pay these notes? And was it not

with the money, notes, accounts, bonds or other credits that you paid those two notes ?

Answer to this interrogatory.

W. H. Rogers gave C. Bishop and myself an obligation in writing to place notes or accounts in our hands, sufficient to pay the two notes now in suit, in favor of W. A. Richardson; but the said W. H. Rogers has not advanced to me any funds to pay them. I paid the two notes with my own funds.

Int. 2. State what amount of money, notes, accounts, bonds, or other credits W. H. Rogers placed in your hands to secure you in the payment of the notes in favor. of W. A. Richardson, upon which you have introduced suit against this defendant ?

Answer to this interrogatory.

Not one cent has the said W. H. Rogers placed in my hands to pay the notes now in suit ?

Int. 3. If the whole of these two notes were not paid with the money, notes, accounts, bonds or other credits, state what part and how much was paid ?

Answer to this interrogatory.

No funds of any sort have been received by me from W. H. Rogers, to pay any part of said notes.

Int. 4. If W. H. Rogers placed notes, accounts, bonds or other credits in your hands, state how much of the same you have collected, and what part and how much remains uncollected ? Attach to your answer to this interrogatory a list of the notes, accounts, bonds or other credits placed in your hands by W. H. Rogers, with respective amounts, and against what persons the . same were. Also state, whether or not you ever paid over to W. H. Rogers any money thus collected ; and, if not collected, whether you returned to him the notes, accounts, bonds or other credits?

Answer to. this interrogatory.

W. H. Rogers has placed nothing in my hands to meet the notes now in suit; neither with notes, bonds, money or mortgages. I paid them from my own funds.

The defendant moved the Court to cause to be taken for confessed, the said interrogatories, for the reason that the answers to the same were not categorical, and were evasive.

The Court ordered the fourth interrogatory to be taken for confessed, and upon that ruling gave judgment in favor of defendant.

We are of the opinion that the answers to the interrogatories are not manifestly evasive; taken together, they all have one point in view, and are directed to show that W. H. Rogers had placed in the hands of the plaintiff, effects with which to pay the notes or secure the plaintiff ; the answers thereto, together, go to show and do show, to our satisfaction, that said W. H. Rogers never placed in the hands of the plaintiff, neither effects nor money to pay said notes, and that plaintiff paid the notes with

his own funds, and not with those of Rogers. The last answer to the fourth interrogatory covers the whole subject contemplated by the four interrogatories, and shows conclusively that Rogers never put in the hands of the plaintiff anything to pay said notes—*W. H. Rogers has placed nothing in my hands to meet the notes now in suit, neither with notes, bonds, money or mortgages; I paid them from my own funds.*

In other respects, the evidence clearly establishes plaintiff's demand.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled and avoided. It is further ordered and adjudged, that the defendant, Caldwell Bishop, pay to Maxey A. Bond, administratrix of the estate of the plaintiff, the sum of six hundred and eighty-three dollars, with interest at eight per cent. per annum, on $125, from 23d March, 1859 ; on $150, from 5th October, 1859; and on $408, from 7th January, 1860, till paid, with costs in both Courts.